9

/ljg/23100327/dismissreply.mtn
HRJ/dng

United States District Court
Southern District of Texas
FILED

APR 2 7 2001

Michael N. Milby
Clerk of Court

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RON M. LEVINE AND SERENA R. LEVINE | § § § | |
| PLAINTIFFS | § § | |
| VS. | § § | CIVIL ACTION NO. B-01-025 |
| ALLSTATE INSURANCE COMPANY | § § § | |
| DEFENDANT | § | NON-JURY |

## DEFENDANT, ALLSTATE INSURANCE COMPANY'S, REPLY TO PLAINTIFFS' FIRST RESPONSE TO DEFENDANT'S 12(B) MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

TO THE HONORABLE JUDGE OF THE U.S. DISTRICT COURT:

Defendant, Allstate Insurance Company ("Allstate"), files this Reply to Plaintiffs' First Response to Defendant's 12(b) Motion to Dismiss or Transfer for Improper Venue, and will show the Court as follows;

### A. INTRODUCTION

1    In response to Defendant's Motion to Dismiss or Transfer for improper Venue, Plaintiffs, Ron M. Levine and Serena R. Levine ("Plaintiffs"), allege that Allstate has no evidence to support their claims for improper venue under Fed.R.Civ.12(b)3 and 28 U.S.C. Section 1406(a), that the plenary power of the Western District Court, San Antonio division has "ended" and that Plaintiffs' action for declaratory relief in this Court constitutes a "new and separate action." Furthermore, Plaintiffs allege that the FIFTH AMENDED ORIGINAL

PETITION in the underlying suit alleges new "covered occurrences and damages" sufficient to invoke Allstate's duty to defend and indemnify Plaintiffs.

2　　In reply, Allstate will show this Court (1) that Plaintiffs' action for declaratory relief in this Court should be transferred to, or dismissed for re-filing in, the Western District Court, San Antonio Division where a substantial part of the events leading to this claim occurred, or alternatively, (2) that Plaintiffs' action should be dismissed because Allstate has no duty to defend and/or indemnify Plaintiffs in the underlying suit based on the facts alleged in the latest amended petition.

## B. IMPROPER VENUE

### 1. The Law

3　　Venue rules are designed to give defendants some control over the place of trial. Venue rules focus on balancing the conveniences of the parties with other policy factors in selecting an appropriate forum for trial. *Denver & R.G. Railroad v. Brotherhood of Railroad Trainmen,* 387 U.S. 556 (1967).

4　　Issues raised in determining proper venue in federal actions are governed exclusively by federal law even if the action is based upon diversity jurisdiction. *Leroy v. Great Western United Corp.,* 443 U.S. 173 (1979). Furthermore, federal venue is governed entirely by statute. *Id.* In diversity cases such as this, federal venue statute 28 U.S.C. § 1391(a) provides that venue is "proper" in the following judicial districts:

1. If all defendants reside in the same state, a district where any defendant resides. 28 U.S.C. § 1391(a)(1).

2. Or, a district in which a "substantial part of the events or omissions" on which the claim is based occurred, or where is located "a substantial part of the property" that is the subject of the action. 28 U.S.C. § 1391(a)(2).

3. Or, if there is no district in which the action may otherwise be brought, "a district in which any Defendant is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(a)(3).

5       Once venue is challenged, plaintiff bears the burden of establishing that venue is proper in the forum where suit was filed. *Advanced Dynamics Corp. v. Mitech Corp.*, 79 F.Supp 519 (N.D. TX 1990). If the court finds venue improper, it *must* either dismiss for lack of venue, or transfer the case to any district in which it could have been originally brought. 28 U.S.C. § 1406(a). However, if the court finds venue proper, then it *may*, "in the interest of justice," transfer to any other district or division where the action could have been brought. 28 U.S.C. § 1404(a).

## 2. Application to this Case

6       As stated in Defendant's Motion to Dismiss or Transfer for Improper Venue, the previous history of this case is as follows:

- October 30, 1998, the underlying suit filed in the 37th Judicial District Court in San Antonio, Bexar County, Texas, styled *Karla Clayton Pollock v. Ronald Mitchell Levine and Wife, Serena R. Levine*, No. 98-CI-14393. *See* Exhibit "A";

- August 24, 1999, Allstate filed a declaratory judgment action in the United States District Court for the Western District of Texas, San Antonio Division, styled *Allstate Ins. Co. v. Ronald Mitchell Levine and Serena R. Levine*, Civil Action No. SA 99 CV 0912 EP seeking a declaration that Allstate had no duty to defend Plaintiffs in the underlying lawsuit. *See* Exhibit "B", at page 4;

- November 2, 1999, Honorable U.S. District Judge Prado entered the order denying Plaintiffs Motion to Dismiss for Lack of Jurisdiction and Improper Venue, specifically holding that "venue is proper in the Western District of Texas." *See* Exhibit "C", at page 3;

- June 16, 2000, Honorable U.S. District Judge Prado entered the order declaring that Allstate had no duty to defend Plaintiffs in the underlying suit based on allegations contained in the FIRST AMENDED ORIGINAL PETITION. *See* Exhibit "D";

3

CM4PDF - www.texisa.com

- July 18, 2000, Plaintiffs filed their Motion for Relief from Judgment and Brief in Support Thereof, citing the THIRD AMENDED ORIGINAL PETITION in the underlying lawsuit as newly discovered evidence that Allstate had a duty to defend and indemnify Plaintiffs in the underlying lawsuit. *See* Exhibit "E"; and

- September 5, 2000, Honorable U.S. District Judge Prado entered the order denying Plaintiffs Motion for Relief from Judgment and Brief in Support Thereof, stating that the THIRD AMENDED ORIGINAL PETITION did not constitute "newly discovered evidence." *See* Exhibit "F".

7       As stated in Allstate's Motion and as seen above, the Honorable Judge Prado sitting in the United States District Court for the Western District of Texas, San Antonio Division granted Allstate declaratory relief stating that there is no duty to defend Plaintiffs in the underlying lawsuit based on the FIRST AMENDED ORIGINAL PETITION.  Furthermore, subsequent to Judge Prado's order, Plaintiffs attempted to obtain relief from that declaration by arguing that the THIRD AMENDED ORIGINAL PETITION in the underlying lawsuit alleged facts covered under their Policy with Allstate.  However, Judge Prado denied Plaintiffs Motion for Relief from Judgment.

8       Now, obviously unsatisfied with Judge Prado's rulings, Plaintiffs seek to circumvent Judge Prado's court by filing this action in this Court attempting to allege that the FIFTH AMENDED ORIGINAL PETITION in the underlying lawsuit triggers a duty on Allstate to defend and indemnify Plaintiffs.  Contrary to Plaintiffs allegations, this action commenced by Plaintiffs in the Southern District constitutes the same case and controversy that is the subject of Judge Prado's rulings.  The ONLY change in circumstances is the newly filed amended petition in the underlying case.  Accordingly, Judge Prado, by order entered in the Western District Court, San Antonio Division, dated November 2, 1999, has specifically held that **"venue is proper in the Western District of Texas"** for the declaration of rights under Plaintiffs insurance policy because that is where a "substantial part of the events or omissions taking place" occurred.

*See* Exhibit "C", at page 3.

9       Thus, Plaintiffs attempt at re-filing in the Southern District must fail because this is an "improper venue." Therefore, this Court has no discretion but to either dismiss this case or transfer it to the United States District Court for the Western District of Texas, San Antonio Division.

10      Alternatively, if this Court does not find that venue in the Southern District is improper, Allstate requests that this Court utilize its discretionary powers and transfer this case to, or dismiss this case for re-filing in, the United States District Court for the Western District of Texas, San Antonio Division, in the interest of justice pursuant to 28 U.S.C. § 1404(a). Contrary to Plaintiffs' allegations, Allstate challenges venue in this court due to the extensive history of this case, the imminent dangers of conflicting judicial rulings, economic and judicial inefficiency, and the injustice that results in "forum shopping."

11      First, because the Honorable Judge Prado, and the United States District Court for the Western District of Texas, San Antonio Division is intimately familiar with the history of this case, of which it has adjudicated previously, judicial economy and efficiency will be best served by Plaintiffs bringing this action in the United States District Court for the Western District of Texas, San Antonio Division.

12      Second, by bringing this action against Allstate in this Court, Plaintiffs are effectively forum shopping. According to Plaintiffs' allegations, every time there is an amended petition filed in the underlying lawsuit, Plaintiffs are entitled to bring a separate action for declaratory relief based on Allstate's duty to defend and/or indemnify under the policy. Because Allstate is a corporate defendant, the result would allow Plaintiffs to bring suit for declaratory relief in every judicial district in which Allstate is deemed to "reside" every time there is an

amended petition filed in the underlying lawsuit. This allows Plaintiffs a windfall and results in injustice placed on the system. Thus, the United States District Court for the Western District of Texas, San Antonio Division is in a better position to handle this action since it handled the original judgment.

13     Finally, because Plaintiffs would be able to "forum shop" each and every time there is an amended petition in the underlying suit, every ruling unsatisfactory to Plaintiffs would be challengable in another District Court, leaving the possibility of two competing and contrary decisions among federal judges. Conversely, the logic of Plaintiffs arguments for venue could result in Plaintiffs obtaining a favorable ruling in the Southern District, thus invoking a duty to defend on Allstate. Then, as soon as there is a subsequent amended petition filed in the underlying suit, Allstate would be able to file a declaratory action in another District where venue could have been established. The result could lead to sporatic inconsistencies among federal court decisions.

14     Therefore, if this Court finds that venue is "proper" in the Southern District of Texas, then Allstate requests that this Court transfer this case to, or dismiss this case for re-filing in, the Western District of Texas, San Antonio Division in the interest of justice. Any other result would in effect lead to complete disregard for Judge Prado's orders entered in the Western District Court of Texas.

## C. DUTY TO DEFEND / INDEMNIFY

15     Alternatively, and subject to the previous venue arguments, if this Court denies Allstate's Motion to Dismiss or Transfer for Improper Venue, this Court should declare that Allstate has no duty to defend and/or indemnify Plaintiffs based on allegations made in the FIFTH AMENDED ORIGINAL PETITION in the underlying lawsuit, and dismiss this case.

16      In their First Amended Original Petition for Declaratory Judgment and Response, Plaintiffs allege that the "new petition alleges covered occurrences and damages"… "including allegations of negligence and physical injury,"… "and triggers a duty to defend."  Furthermore, Plaintiffs seek a declaration that Allstate has a duty to indemnify Plaintiffs "for any judgment that might be rendered in the Underlying Suit."

## 1. The Law

17      The duty to defend and the duty to indemnify are both purely contractual in nature. *Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153 (Tex.App.- Hous. [1st Dist.] 1990, writ denied).  If a court determines that there is no duty to defend, consequently, there is no duty to indemnify because the duty to defend is broader than the duty to indemnify. *Colony Ins. Co. v. HRK, Co.,* 728 S.W.2d 848, 850 (Tex.App.- Dallas 1987, no writ).

18      To determine whether an insurer has a duty to defend its insured, the Fifth Circuit has followed Texas state court precedent, and applies the "eight corners", or "complaint allegation", test. *See Nautilus Ins. Co. v. Zamora*, 114 F.3d 536 (5th Cir. 1997);  *Cornhill Ins. PLC v. Valsamis, Inc.,* 106 F.3d 80 (5th Cir. 1997);  *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.,* 75 F.3d 1048 (5th Cir. 1996);  *Lafarge Corp. v. Hartford Cas. Ins. Co.,* 61 F.3d 389 (5th Cir. 1995);  *Western Heritage Ins. Co. v. River Entertainment,* 998 F.2d 311 (5th Cir. 1993);  *Green v. Aetna Ins. Co.,* 349 F.2d 919 (5th Cir. 1965);  *see also Fidelity and Guar. Ins. v. McManus,* 633 S.W.2d 787 (Tex. 1982);  *Argonaut Southwest Ins. Co. v. Maupin,* 500 S.W.2d 633 (Tex. 1973);  *The Feed Store v. Reliance Ins. Co.,* 774 S.W.2d 73 (Tex.App. – Hous. [14th Dist.] 1989, writ denied).  Under the "eight corners" rule, the duty to defend is determined by examining only two documents:  (1) the insurance policy issued by the insurer; and (2) the petition or pleadings filed against the insured. *Green,* 349 F.2d at  919;  *Heyden Newport Chem.*

*Corp. v. Southern Gen. Ins. Co.,* 387 S.W.2d 22 (Tex. 1965). "If a petition does not allege **facts** within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *American Physicians Ins. Exch. v. Garcia,* 876 S.W.2d 842, 848 (Tex. 1994) (emphasis added). More precisely, the Fifth Circuit has explained the "eight corners" rule as follows:

> This rule requires the trier of fact to examine only the allegations in the [underlying] complaint and the insurance policy in determining whether a duty to defend exists. It is inappropriate to consider facts ascertained before the suit, developed in the process of litigation, or by the ultimate outcome of the suit. The duty to defend is determined by examining the last amended pleadings.
>
> The duty to defend arises when the facts alleged in the petition, if taken as true, potentially state a cause of action within the terms of the policy. An insurer is obligated to defend if the petition alleges at least one cause of action within the policy's coverage. The insured bears the burden of showing that the claim against him is potentially within his policy's coverage. *New York Life Ins. Co. v. Travelers Ins. Co.,* 92 F.3d 336, 338 (5th Cir. 1996).

19      Furthermore, the "eight corners" test requires that courts consider the factual allegations contained in the pleadings or the petition without reference to the truth or falsity of those factual allegations and without reference to what the insurer or insured know, believe, or assert the "true facts" of the lawsuit to be. *Heyden,* 386 S.W.2d at 22; *Argonaut,* 500 S.W.2d at 635. Courts must focus only upon the factual allegations that establish the origin of the damages alleged in the petition or pleadings, and **NOT** the legal theories asserted for recovery in the petition or pleadings. *Farmers Texas County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81 (Tex. 1997); *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.,* 939 S.W.2d 139 (Tex. 1997) (emphasis added).

## 2. Application to this Case

20      Accordingly, when the **facts** alleged in the FIFTH AMENDED ORIGINAL PETITION in the underlying lawsuit against Plaintiffs are analyzed under the "eight corners" of

CutePDF - www.hieie.com

the petition and insurance Policy, all such allegations against Plaintiffs concern "intentional" and "voluntary" behavior.   Therefore, Allstate has no duty to defend and/or indemnify Plaintiffs because the "intentional" allegations do not invoke liability coverage.

21     Additionally, the **factual** allegations in the FIFTH AMENDED ORIGINAL PETITION in the underlying lawsuit as related to Plaintiffs stem from the same series of facts as those alleged in the SECOND AMENDED ORIGINAL PETITION.   The only changes made concern the "legal theories" asserted against Plaintiffs based upon the same set of circumstances. It is of no consequence to the determination of Allstate's duties under the Policy issued to Plaintiffs that the allegations are couched in terms of "negligence."   The Fifth Circuit has repeatedly held that, where liability premised on negligence is related to and interdependent with other tortious activities, the "ultimate issue" in a duty to defend case is whether the other tortious activities themselves constitute a claim covered under the Policy.   *HVAW v. American Motorist Ins. Co.,* 968 F.Supp. 1178, 1182 (N.D. Tex. 1997)(citing *Cornhill,* 106 F.3d at 87; and *Columbia Mut. Ins. Co. v. Fiesta Mart, Inc.,* 987 F.2d 1124, 1128 (5th Cir. 1993)).   This is because only factual allegations that establish the origin of the damages alleged in the pleadings or petition may be considered, and not the technical "legal" description of asserted theories of recovery. *Griffin,* 955 S.W.2d at 81;  *National Union Fire Ins. Co.,* 939 S.W.2d at 139.

22     Therefore, because **factual** allegations in the FIFTH AMENDED ORIGINAL PETITION in the underlying lawsuit have not changed from those alleged in the SECOND AMENDED ORIGINAL PETITION, and because Honorable Judge Prado has entered a declaration on the SECOND AMENDED ORIGINAL PETITION that Allstate has no duty to defend Plaintiffs in the underlying lawsuit, this Court should dismiss Plaintiffs claims and declare that Allstate has no duty to defend Plaintiffs based on the FIFTH AMENDED

ORIGINAL PETITION in the underlying lawsuit.

## D. SANCTIONS

23      Plaintiffs allege in their Response to this Court that Allstate has "intentionally mislead this Court as to the status and relevance of the previous declaratory judgment action." *See Plaintiffs' First Response to Allstate Insurance Company's 12(b) Motion to Dismiss or Transfer for Improper Venue*, at page 5, section C.   However, in referring this Court to Honorable Judge Prado's order, Allstate stated that the "same matters made the basis of Plaintiffs' declaratory action brought in this case **are being or have been** adjudicated." *See Defendant, Allstate Insurance Company's, 12(b) Motion to Dismiss or Transfer for Improper Venue*, at page 2, section B (emphasis added).   As seen above, this is a statement of fact, and Plaintiffs request for sanctions should be denied.

> Respectfully submitted,
> ADAMI, GOLDMAN & SHUFFIELD
> The Nowlin Building
> 9311 San Pedro, Suite 900
> San Antonio, Texas 78216
> Telephone: (210) 344-0500
> Telecopier: (210) 344-7228
>
> By:_____
>       MARTIN J. PHIPPS
>       State Bar No.  00791444
>       Federal Bar No. 20104
>
> ATTORNEY FOR DEFENDANT

10

CuttePDF - www.texisc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, has been sent by certified mail, return receipt requested to the following attorney of record on this _24_ day of April, 2001:

Mr. Ron Levine
P.O. Box 3996
South Padre Island, Texas 78597-3996

MARTIN J. PHIPPS

11

# EXHIBIT "A"

CVISPDF – www.fastio.com

# 98CI-14393

No. _____

| | | |
|---|---|---|
| KARLA CLAYTON POLLOCK, | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | **37th** DICIAL DISTRICT |
| | § | |
| RONALD MITCHELL LEVINE and wife, | § | |
| SERENA R. LEVINE | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

This is a suit for statutory and common law fraud and deceptive trade practices brought by KARLA CLAYTON POLLOCK, Plaintiff, against RONALD MITCHELL LEVINE and wife, SERENA R. LEVINE, Defendants, on the following grounds:

1.     Plaintiff is a resident of Bexar County, Texas.

2.     Defendants are individuals and residents of Cameron County, Texas, and may be served with process at their residence of 221 West Bahama, South Padre Island, Cameron County, Texas.

3.     In October, 1996, Plaintiff purchased from Defendants the residence at 606 E. Mandalay, in the San Antonio Metropolitan Area of Bexar County, Texas. In the negotiations leading up to the purchase, Defendants represented that the home's foundation had been completely repaired and had a life time transferrable warranty on the foundation work.

4.     Unknown to Plaintiff, but well known to Defendants, the foundation of the house had not been fully repaired but, at the direction of Defendants, had only a partial repair. Further, the foundation of the home had deflected to the extent that it had damaged

Levine\original.pet                    1

the superstructure and had been determined to be defective by an independent engineer. As defendants were aware at the time of the sale, the home had been so badly damaged by the foundation problems that its value was significantly reduced as a result of functional, structural and stigma damages, however these facts were not disclosed to Plaintiff.

5.      Defendants were at all times aware of the defective foundation of the house, and were well aware that Plaintiff did not know and could not, in the exercise of reasonable diligence, discover the defect. Nevertheless, Defendants expressly represented to Plaintiff that the house was more than a fair deal, that it was an excellent value and that the price at which the property was offered was fair market value considering the fully repaired condition of the home at the time of the purchase. Defendants fraudulently concealed the existence of the defective foundation and the engineer's report.   Plaintiff relied on Defendants' promises and representations in purchasing the house, and but for such representations and failures to disclose by Defendants would not have purchased the house.   Further, had Plaintiff known of the latent defect which was well known to Defendants, she would not have purchased the house.

6.      All conditions precedent to Plaintiff's recovery have occurred or have been performed.   Venue is proper in Bexar County, Texas where the conduct complained of occurred.

7.      The foregoing actions of Defendants constitute common law fraud, which has proximately caused actual damage to Plaintiff in a sum in excess of the minimum jurisdictional limits of this Court, for which Plaintiff sues.   Plaintiff's damages include,

Levine\original.pet                       2

without limitation, damages for cost of repair to the house and foundation, damages consisting of the difference between the fair market value of the house as represented and its fair market value in its actual condition at the time of purchase by Plaintiff, and damages for extreme mental and emotional anguish which Plaintiff has suffered since her purchase of the property as a result of Defendants fraudulent misrepresentations and failures to disclose and because of the defects in the house and foundation.

8.      Furthermore, the foregoing actions of Defendants constitute fraud in a real estate transaction in violation of Section 27.01, *et seq.* of the Texas Business and Commerce Code. Such fraud by Defendants was done knowingly, with the intent to induce Plaintiff to enter a transaction she would not otherwise have entered, and was the proximate cause of Plaintiff's damages as alleged above, for which Plaintiff sues.

9.      The fraudulent conduct of Defendants was done knowingly, intentionally, maliciously, and with the specific intent of cheating and causing damage to Plaintiff by inducing her to enter into the transaction. Accordingly, Defendants should be singled out by an award of substantial exemplary damages, sufficient in amount to expose their fraud publicly and to make an example of them, for the purposes of deterring others from such misconduct in the future, and for punishing them for their intentional wrong doing.

10.      Further, pursuant to Section 27.01(e) of the Texas Business and Commerce Code, Plaintiff is entitled to and sues for economic and/or actual damages, as alleged above, and exemplary damages as well as reasonable and necessary attorneys' fees, expert witness fees, costs for copies of depositions, and costs of court, all in amounts which are within the jurisdictional limits of this Court.

Levine\original.pet                3

11.     The foregoing conduct of Defendants also constitutes violation of the Texas Deceptive Trade Practices - Consumer Protection Act, Tex. Bus. and Com. Code Ann., Section 17.46(b)(2), (3), (5), (7), (12), (19) and (23).  Defendants conduct also constitutes an unconscionable action and a violation of express warranty, in violation of Section 17.50 of the Act.  Defendants' conduct was a producing cause of damages to Plaintiff and was done knowingly, and Plaintiff is accordingly entitled to the recovery of actual damages and multiple damages in accordance with the Texas Deceptive Trade Practices-Consumer Protection Act.  Plaintiff is also entitled to reasonable attorneys' fees and costs of court for trial and further attorneys fees for appeals of this matter, for all of which she sues. Plaintiff seeks judgment against Defendants for actual and multiple damages as well as fees and costs described above, all in amounts which are within the jurisdictional limits of this Court.

12.     The conduct of these Defendants has necessitated the engagement of the undersigned counsel and the filing of this action to recover damages and protect the interest of Plaintiff. Therefore Plaintiff is entitled to and prays for the recovery of all attorneys fees and costs of court incurred in the pursuit of this cause of action and further attorneys fees for any appeals of this cause of action.

13.     Plaintiff prays for trial by jury.

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein, for an early jury trial, and upon trial, that judgment be granted against Defendants, jointly and severally, for actual damages, multiple and/or punitive damages, attorneys' fees for trial and appeal, expert witness fees, costs of copies and depositions, costs of court,

Levine\original.pet                    4

prejudgment interest, post-judgment interest, and all such further and additional relief,

general or special,  as to which Plaintiff shall show herself justly entitled at law or in equity.

Respectfully submitted,

Clyde R. McCormick, II
Law Office of Clyde R. McCormick
P.O. Box 790091
San Antonio, Texas 78279-0091
Telephone (210) 340-5630
Facsimile (210) 340-5876
SBOT # 13457450
Attorney for Plaintiff

# EXHIBIT "B"

CVibPDF – www.fastio.com

**RECEIVED**

/ui/ljg/23100327/dec.judgment
PTA**AUG 2 4 1999**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
　　　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ALLSTATE INSURANCE COMPANY,　　§
　　　　　　　　　　　　　　　　§
　　　　　PLAINTIFF,　　　　　　§
　　　　　　　　　　　　　　　　§
V.　　　　　　　　　　　　　　　§　**SA99CV0912EP**
　　　　　　　　　　　　　　　　§　CIVIL ACTION NO.
RONALD MITCHELL LEVINE AND　　　§
SERENA R. LEVINE　　　　　　　　§
　　　　　　　　　　　　　　　　§
　　　　　DEFENDANT.　　　　　　§　NON-JURY

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT

ALLSTATE CASUALTY COMPANY, Plaintiff, petitions the Court for a construction of

a liability insurance policy and a declaration that the Plaintiff has no duty to defend or indemnify

the named parties and that there is no coverage provided in connection with a suit presently

pending against RONALD MITCHELL LEVINE AND SERENA R. LEVINE.  In support of

this complaint, Plaintiff shows:

### PARTIES

1.　　Plaintiff, ALLSTATE INSURANCE COMPANY, is an insurance company duly

organized and existing under the laws of the State of Illinois, and authorized to issue

homeowner's insurance policies in the State of Texas, having its principal place of business in

Northbrook, Illinois.

### SERVICE OF PROCESS

2.　　Defendant, RONALD MITCHELL LEVINE AND SERENA R. LEVINE, are

individuals who reside in South Padre Island, Cameron County, Texas and may be served with

process by serving them at 219 West Bahama, South Padre Island, Cameron County, Texas.

Service by private process server is requested at this time.

## VENUE AND JURISDICTION

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (West Supp. 1998) because Plaintiff is an entity incorporated in the State of Illinois, and Defendant is a resident of Texas. Furthermore, the amount in controversy exceeds $75,000 exclusive of interest and costs.  The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties.  Venue is proper in the Southern District of Texas, San Antonio Division, because the property that is the subject of the insurance policy is situated in Bexar County, which is within the San Antonio division of the Southern District of Texas.

## FACTUAL BACKGROUND

4.      Plaintiff, ALLSTATE INSURANCE COMPANY, issued a homeowner's policy to Ronald Mitchell Levine and wife, Serena R. Levine, that is at issue in this Declaratory Judgment action.  The policy number of the policy issued by Allstate Insurance Company, is 0 16 935521 05/03.  The homeowner's policy is a standard Texas homeowner's policy which provides liability coverage with per occurrence limits of $300,000.  A true and correct copy of the policy is attached hereto as Exhibit "A" and incorporated by reference herein the same as if fully copied and set forth at length.  The policy further contains an endorsement, HO-225, listing 606 East Mandalay, San Antonio, Texas as in insured location under the policy.

5.      The policy expressly provides that ALLSTATE INSURANCE COMPANY will provide a defense and pay up to the limit of liability, provided:

2

If a claim is made or a suit is brought against an <u>insured</u> for damages because of <u>bodily injury</u> or <u>property damage</u> caused by an <u>occurrence</u> to which this coverage applies, we will:

(1)     Pay up to our limit of liability for the damages for which the <u>insured</u> is legally liable.

(2)     Provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent.

<u>Occurrence</u> is defined as "an accident, including exposure to conditions, which results in <u>bodily injury</u> or <u>property damage</u> during the policy period." "<u>Bodily injury</u> means bodily harm, sickness or disease. This includes required care, loss of services and death that results." "<u>Property Damage</u> means injury to, destruction of, or loss of use of property."

The following pertinent exclusions are listed under the exclusions to Section II, stating that the above coverage will not be provided for:

a.     <u>Bodily injury</u> or <u>property damage</u> which is caused intentionally by or at the direction of the <u>insured</u>;

b.     <u>Bodily injury</u> or <u>property damage</u> arising out of or in connection with a <u>business</u> engaged in by an <u>insured</u>. But this exclusion does not apply to activities which are ordinarily incidental to nonbusiness pursuits.

See Exhibit "A", insurance policy number 0 16 935521 05/03.

### UNDERLYING LAWSUIT

6.     Karla Clayton Pollock has filed a lawsuit, cause number 98CI-14393, in the 37th District Court, Bexar County, Texas (the Underlying Lawsuit) naming Ronald Mitchell Levine and wife, Serena R. Levine as Defendants. A true and correct copy of Plaintiff's Original Petition is attached hereto as Exhibit "B" and is incorporated herein by reference.

7.     In the Underlying Lawsuit, Plaintiff, Karla Clayton Pollock, seeks to recover damages related to the sale of the insureds' property, located at 606 East Mandalay. Plaintiff, Karla Pollock, alleges she purchased the residence from Defendants in October of 1996, and that misrepresentations were made to her by Defendants pertaining to the foundation and related

3

warranty work for the property at 606 East Mandalay.  See Underlying Lawsuit at page 1,

paragraph 3.  Plaintiff alleges Defendants falsely represented to her that foundation work had

been completely repaired.  Plaintiff contends representations made by the Defendants pertaining

to the foundation of the home were false and that Defendants were aware of defects in the

foundation of the house, but failed to disclose these facts.  See Underlying Lawsuit at page 2,

paragraph 5.  Plaintiff contends she relied on Defendants' promises and representations

pertaining to the home to her detriment.  See id.

8.    Plaintiff seeks to recover damages for the cost to repair the home, damages for the

difference between the fair market value of the home as represented and its fair market value in

its actual condition at the time of purchase, and damages for extreme mental and emotional

anguish.  See Underlying Lawsuit at page 3, paragraph 7.

9.    Plaintiff further contends Defendants' conduct was intentional for the purpose of

inducing Karla Pollock to enter into a transaction she would not otherwise had entered and seeks

to recover damage against Defendants for fraud.  See Underlying Lawsuit at page 3, paragraph 8.

10.    Plaintiff further seeks to recover economic and/or actual damages as well as

attorney fees, and damages under the Texas Deceptive Trade Practices Act.  See Underlying

Lawsuit at page 4, paragraph 11.

## DUTY TO DEFEND AND INDEMNIFY

11.    Plaintiff is not obligated under the Policy listed above to provide a defense or

indemnity payments for suits which are not within the coverage afforded by the Policy.  The

insuring agreement for the Policy provides that Plaintiff is obligated to provide a defense and pay

damages for claims arising out of "bodily injury" or "property damage" to which the insurance

applies.  The policy applies to "bodily injury" and "property damage" only if it is caused by an

4

"occurrence." "Bodily injury" is defined as "bodily harm, sickness, or disease." "Occurrence" is defined as "an accident." The homeowner's policy further contains an express exclusion for "bodily injury or property damage which is caused intentionally by or at the direction of the insured."

12.     The Underlying Lawsuit does not allege facts constituting an "occurrence" or facts alleging "property damage" or "bodily injury." Further, the policy expressly excludes liability for damages alleged to have been caused intentionally by or at the direction of the insured, as alleged in the Underlying Lawsuit.

13.     The allegations contained in the Underlying Lawsuit clearly negate coverage and Plaintiff does not have a duty to defend Defendant in this case. The cost of defense would be a sum in excess of the minimum jurisdictional limits of the Court. Additionally, as the allegations are for non-covered claims, Plaintiff has no obligation to pay any part of any judgment that may be rendered against Defendant.

## REQUEST FOR DECLARATORY RELIEF

14.     RONALD MITCHELL LEVINE AND SERENA R. LEVINE have demanded that Plaintiff provide a defense in the Underlying Lawsuit. Plaintiff seeks a declaration from this Court pursuant to 28 U.S.C. § 22.01, that there is no duty to defend, indemnify or coverage under the policy on the grounds that the Underlying Lawsuit is not within the coverage afforded by the policy and thus, there is no duty on the part of Plaintiff to defend or indemnify RONALD MITCHELL LEVINE AND SERENA R. LEVINE MOSER, or pay any judgment that might be rendered in the Underlying Lawsuit. The cost of defending and/or defending RONALD MITCHELL LEVINE AND SERENA R. LEVINE in the Underlying Lawsuit would be a sum in excess of the minimum jurisdictional limits of this Court.

5

15. Plaintiff requests that the Court declare that Plaintiff has no duty to defend Defendants in the Underlying Lawsuit and may withdraw its defense.

## ATTORNEY'S FEES

16. Plaintiff has retained the firm of Adami, Goldman & Shuffield, Inc. to represent the Plaintiff in this action and has agreed to pay the firm reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and, therefore, authorized by § 37.009 of the Texas Civil Practice & Remedies Code.

17. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer and that upon final trial, Plaintiff have the following:

A. A declaration that Plaintiff does not have a duty to defend Defendants in the Underlying Lawsuit;

B. A declaration that Plaintiff does not have a duty to pay any judgment rendered in the Underlying Lawsuit;

C. An Order allowing Plaintiff to withdraw its defense of Defendants, which is currently being provided under a Reservation of Rights;

D. Costs of Court;

E. Attorney's fees; and

F. Such other and further relief to which Plaintiff may be justly entitled.

6

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
The Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228


By:_____
      LARRY J. GOLDMAN
      State Bar No. 08093450

ATTORNEY FOR PLAINTIFF

7

# 98CI-14393

No. _____

KARLA CLAYTON POLLOCK,                    §            IN THE DISTRICT COURT

v.                                        §
                                          §            37th DICIAL DISTRICT
                                          §
RONALD MITCHELL LEVINE and wife,          §
SERENA R. LEVINE                          §            BEXAR COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION

This is a suit for statutory and common law fraud and deceptive trade practices brought by KARLA CLAYTON POLLOCK, Plaintiff, against RONALD MITCHELL LEVINE and wife, SERENA R. LEVINE, Defendants, on the following grounds:

1.     Plaintiff is a resident of Bexar County, Texas.

2.     Defendants are individuals and residents of Cameron County, Texas, and may be served with process at their residence of 221 West Bahama, South Padre Island, Cameron County, Texas.

3.     In October, 1996, Plaintiff purchased from Defendants the residence at 606 E. Mandalay, in the San Antonio Metropolitan Area of Bexar County, Texas. In the negotiations leading up to the purchase, Defendants represented that the home's foundation had been completely repaired and had a life time transferrable warranty on the foundation work.

4.     Unknown to Plaintiff, but well known to Defendants, the foundation of the house had not been fully repaired but, at the direction of Defendants, had only a partial repair. Further, the foundation of the home had deflected to the extent that it had damaged

Levine\original.pet                         1

the superstructure and had been determined to be defective by an independent engineer. As defendants were aware at the time of the sale, the home had been so badly damaged by the foundation problems that its value was significantly reduced as a result of functional, structural and stigma damages, however these facts were not disclosed to Plaintiff.

5.      Defendants were at all times aware of the defective foundation of the house, and were well aware that Plaintiff did not know and could not, in the exercise of reasonable diligence, discover the defect. Nevertheless, Defendants expressly represented to Plaintiff that the house was more than a fair deal, that it was an excellent value and that the price at which the property was offered was fair market value considering the fully repaired condition of the home at the time of the purchase. Defendants fraudulently concealed the existence of the defective foundation and the engineer's report.   Plaintiff relied on Defendants' promises and representations in purchasing the house, and but for such representations and failures to disclose by Defendants would not have purchased the house.   Further, had Plaintiff known of the latent defect which was well known to Defendants, she would not have purchased the house.

6.      All conditions precedent to Plaintiff's recovery have occurred or have been performed.  Venue is proper in Bexar County, Texas where the conduct complained of occurred.

7.      The foregoing actions of Defendants constitute common law fraud, which has proximately caused actual damage to Plaintiff in a sum in excess of the minimum jurisdictional limits of this Court, for which Plaintiff sues.  Plaintiff's damages include,

Levine\original.pet                    2

without limitation, damages for cost of repair to the house and foundation, damages consisting of the difference between the fair market value of the house as represented and its fair market value in its actual condition at the time of purchase by Plaintiff, and damages for extreme mental and emotional anguish which Plaintiff has suffered since her purchase of the property as a result of Defendants fraudulent misrepresentations and failures to disclose and because of the defects in the house and foundation.

8.     Furthermore, the foregoing actions of Defendants constitute fraud in a real estate transaction in violation of Section 27.01, *et seq.* of the Texas Business and Commerce Code. Such fraud by Defendants was done knowingly, with the intent to induce Plaintiff to enter a transaction she would not otherwise have entered, and was the proximate cause of Plaintiff's damages as alleged above, for which Plaintiff sues.

9.     The fraudulent conduct of Defendants was done knowingly, intentionally, maliciously, and with the specific intent of cheating and causing damage to Plaintiff by inducing her to enter into the transaction. Accordingly, Defendants should be singled out by an award of substantial exemplary damages, sufficient in amount to expose their fraud publicly and to make an example of them, for the purposes of deterring others from such misconduct in the future, and for punishing them for their intentional wrong doing.

10.     Further, pursuant to Section 27.01(e) of the Texas Business and Commerce Code, Plaintiff is entitled to and sues for economic and/or actual damages, as alleged above, and exemplary damages as well as reasonable and necessary attorneys' fees, expert witness fees, costs for copies of depositions, and costs of court, all in amounts which are within the jurisdictional limits of this Court.

Levine\original.pet                    3

11.     The foregoing conduct of Defendants also constitutes violation of the Texas Deceptive Trade Practices - Consumer Protection Act, Tex. Bus. and Com. Code Ann., Section 17.46(b)(2), (3), (5), (7), (12), (19) and (23).  Defendants conduct also constitutes an unconscionable action and a violation of express warranty, in violation of Section 17.50 of the Act.  Defendants' conduct was a producing cause of damages to Plaintiff and was done knowingly, and Plaintiff is accordingly entitled to the recovery of actual damages and multiple damages in accordance with the Texas Deceptive Trade Practices-Consumer Protection Act.  Plaintiff is also entitled to reasonable attorneys' fees and costs of court for trial and further attorneys fees for appeals of this matter, for all of which she sues. Plaintiff seeks judgment against Defendants for actual and multiple damages as well as fees and costs described above, all in amounts which are within the jurisdictional limits of this Court.

12.     The conduct of these Defendants has necessitated the engagement of the undersigned counsel and the filing of this action to recover damages and protect the interest of Plaintiff. Therefore Plaintiff is entitled to and prays for the recovery of all attorneys fees and costs of court incurred in the pursuit of this cause of action and further attorneys fees for any appeals of this cause of action.

13.     Plaintiff prays for trial by jury.

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein, for an early jury trial, and upon trial, that judgment be granted against Defendants, jointly and severally, for actual damages, multiple and/or punitive damages, attorneys' fees for trial and appeal, expert witness fees, costs of copies and depositions, costs of court,

Levine\original.pet                    4

prejudgment interest, post-judgment interest, and all such further and additional relief,

general or special, as to which Plaintiff shall show herself justly entitled at law or in equity.

Respectfully submitted,

Clyde R. McCormick, II
Law Office of Clyde R. McCormick
P.O. Box 790091
San Antonio, Texas 78279-0091
Telephone (210) 340-5630
Facsimile (210) 340-5876
SBOT # 13457450
Attorney for Plaintiff

CMPDF - www.fasoo.com

# EXHIBIT "C"

CVisPDF – www.fastio.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

NOV 0 2 1999

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No. SA-99-CA-912-EP |
| | ) | |
| RONALD MITCHELL LEVINE and | ) | |
| SERENA R. LEVINE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On this date the Court considered the Defendants' Motion to Dismiss for Lack of Jurisdiction and Improper Venue, filed October 4, 1999 and the Plaintiff's response to that motion. After careful consideration, the Court will deny the motion.

### Jurisdiction

The Defendants, the Levines, argue that the Court does not have subject matter jurisdiction over the case. Jurisdiction in this case is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. A federal court has jurisdiction under this section when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Levines argue that the Plaintiff, Allstate Insurance Company ("Allstate"), has not established that these requirements have been met.

As a corporation, Allstate is deemed to be a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The Levines argue that

1



Allstate has not properly pleaded its citizenship. As support for this argument, the Levines point to the section of the complaint entitled Jurisdiction, where Allstate only provides its state of incorporation, not its principal place of business. This argument ignores another section of the complaint which indicates that Allstate's principal place of business is in Illinois. This is a sufficient allegation of Allstate's citizenship.

The Levines also argue that Allstate has not properly alleged their citizenship. In its pleadings, Allstate only states that the Levines are residents of Texas, rather than citizens of Texas. The Levines do not argue that they are not citizens of Texas, and Allstate has amended its complaint to include the proper allegation of citizenship. Therefore, Allstate has sufficiently pleaded the Levines' citizenship.

In addition, the Levines argue that Allstate has not established that the amount in controversy exceeds $75,000. This suit is a declaratory action to determine Allstate's duty to defend the Levines in a lawsuit as well as Allstate's liability for any judgment in that suit. Such duty and liability would arise under an insurance policy with liability limits of $300,000. The underlying lawsuit seeks actual damages relating to foundation problems, multiple damages, punitive damages and attorney's fees. Based on the potential damages as well as the costs of defending the Levines in the underlying lawsuit, the amount in controversy requirements appears to have been met. Allstate's claim appears to be in good faith, and it does not appear to a legal certainty that the amount in controversy is less than $75,000. Therefore, dismissal is not appropriate. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

### Venue

Under 28 U.S.C. § 1391(a), venue is proper in the district where the defendants in a case

2

reside, or in the district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." The Levines argue that venue is improper under either of these standards.

There is no question that the Levines reside in the Southern District of Texas, not the Western District. Therefore, Allstate is basing venue on a substantial part of the events or omissions taking place in the Western District of Texas. The underlying lawsuit is in Bexar County, in the Western District of Texas, and therefore any obligation of Allstate to defend the Levines would occur in the Western District of Texas. Therefore, venue is proper in the Western District of Texas.[1]

### Conclusion

Accordingly, it is ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Docket No. 6) is DENIED.

SIGNED and ENTERED this 1st day of Nov, 1999.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE

---

[1] The Defendants also point to a mistake in the Plaintiff's complaint indicating that "venue is proper in the Southern District of Texas." The Plaintiff has amended its complaint to correct this error.

3

# EXHIBIT "D"

CibPDF – www.fastio.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

JUN 1 9 2000

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

ALLSTATE INSURANCE COMPANY,  )
                               )
      Plaintiff,  )
                                 )
VS.  )     Civil Action No. SA-99-CA-912-EP
                                 )
RONALD MITCHELL LEVINE and  )
SERENA R. LEVINE,  )
                                 )
      Defendants.  )

## JUDGMENT

On this date the Court considered the judgment to be entered in the above-styled and numbered cause. Consistent with the Order filed on this same date, it is hereby ORDERED, ADJUDGED and DECREED that Judgment is granted in favor of the Plaintiff on the claims regarding the duty to defend and that all other claims in this cause are DISMISSED WITHOUT PREJUDICE..

SIGNED and ENTERED this 16th day of June, 2000.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE

1

45

YOU COULD HAVE RECEIVED THIS NOTICE YESTERDAY BY FAX.

Just complete and return the authorization below and you will
receive notice of orders and judgments which do not require
special mailing requirements, within hours of their entry on
SAN ANTONIO/AUSTIN/EL PASO/MIDLAND/DEL RIO/PECOS cases in which
you would normally be noticed.  It's FREE and it's FAST.  DO NOT
SUBMIT MORE THAN ONE AUTHORIZATION.  Allow 2 weeks to process.


    Peter J. Beverage          (tr)
    Adami, Goldman & Shuffield
    The Nowlin Building
    9311 San Pedro
    Suite 900
    San Antonio, Tx  78216


              --------------------


    5:99-cv-00912 #45
    1 page(s).
    06/19/00
    tr

              --------------------


              AUTHORIZATION TO SEND ORDERS AND
              JUDGMENTS BY FACSIMILE TRANSMISSION

ﮟe Clerk of Court for the Western District of Texas is authorized to
ﺭansmit notice of entries of judgments and orders under Fed.R.Civ.P. 77,
ﺋd.R.Crim.P. 49 by facsimile transmission in ANY SAN ANTONIO/AUSTIN/
ﮟ PASO/MIDLAND/DEL RIO/PECOS CASE in which this capability exists,
ﮟd the undersigned appears as attorney of record.  I understand that this
ﮟectronic notice will be in lieu of notice by mail.  The following
ﮟelephone number is dedicated for facsimile transmissions.


ﮟX NUMBER :_____     Firm Name _____

ﮟignature: _____     Address:_____

ﮟinted Name: _____               _____

ﮟate Bar No: _____     Phone No: _____

ﮟil to:   Clerk, Western District of Texas
          Automation Department
          655 E. Durango Blvd. - Rm G-65
          San Antonio, TX  78206

 Fax to: 210-472-6513, Attn: Automation Department

          Visit our website at: www.txwd.uscourts.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

JUN 1 9 2000

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No. SA-99-CA-912-EP |
| | ) |
| RONALD MITCHELL LEVINE and | ) |
| SERENA R. LEVINE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On this date the Court considered Plaintiff's Motion for Summary Judgment, Plaintiff's Supplement to its Motion for Summary Judgment, Defendants' Response to the Motion for Summary Judgment, and Defendants' Counter-Motion for Summary Judgment, to which Plaintiff has not responded. After careful consideration, the Court will grant the Plaintiff's Motion for Summary Judgment in part such that the Plaintiff has no duty to defend the Defendants in the underlying state lawsuit, dismiss without prejudice Plaintiff's claims for declaratory judgment regarding its duty to indemnify as not ripe for review, and deny the Defendants' Counter-Motion. Also on this date, the Court considered Plaintiff's Motion for Leave to file its response to Defendant's Counter-Motion for Summary Judgment, filed June 14, 2000. After careful consideration, the Court will deny this motion.

### Background and Procedural History

The Defendants, Ronald and Serena Levine, hold a homeowner's insurance policy with Plaintiff Allstate Insurance Company ("Allstate"). The Levines have been sued in state court by Karla

1

44

Clayton Pollock, the purchaser of their home on East Mandalay in San Antonio. In the state court suit, Ms. Pollock alleges that the Levines had only partially repaired foundation damage to the house on Mandalay, but had represented to her that the foundation had been completely repaired or had not told her that the structure of the house was damaged. The state suit includes claims of violation of the Texas Deceptive Trade Practices Act (DTPA), fraud in a transaction involving real estate, common law fraud and negligent misrepresentation.[1] She seeks damages for loss of value to the house, stigma damages, repair costs, loss of use, mental anguish, loss of use of money and excessive payment of interest.

Allstate brought this suit seeking a declaration that it has neither the duty to defend nor to indemnify the Levines for the claims against them in the state suit. Both parties have filed motions for summary judgment.

Allstate argues in its motion that the state court suit does not allege facts that would constitute an "occurrence" under the homeowner's policy. Additionally it argues that the damages are excluded under the policy because they are damages caused intentionally by or at the direction of the insured. Finally, Allstate argues that the state court suit does not allege any facts that would be bodily injury or property damage under the policy.

In their motion, the Levines argue that the incident complained of in the state court suit does constitute an "occurrence" and that the Plaintiff alleges both property and bodily injury damages.

### Motion for Leave to File

Allstate filed a motion to permit them to file their response to Defendants' Counter Motion

---

[1] Although the Defendants indicate that the state suit is really one for improperly repairing the house, this claim is not supported by a liberal reading of the pleadings. The pleadings clearly are based on misrepresentation and perhaps breach of warranty.

2

for Summary Judgment. Allstate's motion requests leave to file a response longer than the 10-page limit provided in Local Rule CV-7(c). Leave to file motions and responses up to 20 pages long was already granted in the Court's Scheduling Order and Order Concerning Consent Trials, Discovery, Pretrial Matters and Pretrial Order, filed in this cause on October 19, 1999. Interestingly, Allstate does not address the issue that it seeks to file its response approximately one and a half months after the counter-motion was filed. This is clearly after the appropriate time period and Allstate has presented no reason for extension of this time period. Therefore, Allstate will not be permitted to file its response.

## Summary Judgment Standard

In the usual case, the party who seeks summary judgment must show by affidavit or other evidentiary materials that there is no genuine dispute as to any fact material to resolution of the motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986); *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). To satisfy this burden, the movant must either submit evidentiary documents that negate the existence of some material element of the nonmoving party's claim or defense or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmoving party's claim or defense. *See Celotex Corp.*, 477 U.S. at 325; *Lavespere*, 910 F.2d at 178.

Once the moving party has carried that burden, the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *See Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The nonmoving party cannot discharge this burden by referring to the

3

mere allegations or denials of the nonmoving party's pleadings; rather, that party must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324; *Fields*, 922 F.2d at 1187. In order for a court to find there are no genuine material factual issues, the court must be satisfied that no reasonable trier of fact could have found for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Liberty Lobby*, 477 U.S. at 249-50; FED. R. CIV. P. 56(e).

Where the party opposing the motion for summary judgment will have the burden of proof on an essential element of his case at trial and does not, after adequate time for discovery, make a showing sufficient to establish the existence of that element, summary judgment may be entered against him. *Celotex*, 477 U.S. at 322-24; *Fontenot*, 780 F.2d at 1194-95.

A summary judgment motion cannot be granted based solely on the lack of any response. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). The movant still bears the burden of establishing the lack of any genuine issue of material fact. *Id.*

### Duty to Defend

In Texas, an insurer's duty to defend is determined by the factual allegations in the pleadings and the language of the insurance policy.[2] *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821

---

[2]The Court has reconsidered the exception to this rule stated in its April 13, 2000 Order. The Fifth Circuit has stated that, when determining the duty to defend, "[i]t is inappropriate to consider 'facts ascertained before the suit, developed in the process of the litigation, or by the ultimate outcome of the suit.'" *Canutillo Indep. Sch. Dist. v. National Union Fire Ins. Co.*, 99 F.3d 695, 701 (5th Cir. 1996).

4

(Tex. 1997). If any claim in the pleading is potentially within the policy's coverage, then the insurance company has a duty to defend. *Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 197 F.3d 720, 723 (5th Cir. 1999). In determining whether the duty to defend exists, the Court is to examine the facts alleged, rather than the legal theories asserted. *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997). The insured bears the burden of showing that a claim is potentially within the policy's scope. *Id.* If the insurer relies on a policy exclusion as the basis for its claim that it has no duty to defend, the insurer bears the burden of establishing that an exclusion applies. *Id.* At that point, the burden shifts back to the insured to establish an exception to the exclusion. *Id.*

The policy contains a provision that Allstate will defend the insured "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies." "Occurrence" is defined by the policy as "an accident ... which results in bodily injury or property damage." The policy defines "bodily injury" as "bodily harm, sickness or disease" and "property damage" as "injury to, destruction of, or loss of use of property."

Reading Pollock's first amended petition, it does not appear that she has alleged facts which would constitute an occurrence. Her allegations against the Levines are all based upon the Levines' representation to her. Whether or not these representations were an "accident," they did not result in any property damage or bodily injury, and, therefore do not satisfy the definition of occurrence.

The state court suit does not allege that the Levines' representations caused "injury to, destruction of, or loss of use of property." She alleges, rather, that she would not have purchased the house had she known of the defects and that the house is worth less than she paid for it. These

5

allegations are not property damage under the policy.[3]

Likewise, she alleges mental anguish as a result of the representation. Mental anguish, by itself, is not bodily injury. *Cowan*, 945 S.W.2d at 823. Although she does designate as a potential witness a doctor to testify about TMJ, nowhere in her pleadings does she mention any physical manifestation such as TMJ and the possibility that facts about TMJ might be presented at trial but not in the pleadings cannot be considered by the Court in determining whether Allstate had a duty to defend. *See Cowan*, 945 S.W.2d at 825 ("in the context of determining an insurer's duty to defend we will not presume a claim for physical manifestations when none is pleaded").

Furthermore, the allegations in the state suit do not constitute an accident, which is another requirement for an incident to be an occurrence under the policy. Texas courts have two lines of cases defining occurrence. *Federated*, 197 F.3d at 723 (citing *Argonaut Southwest Ins. Co v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973)). In the first line of cases, if an act is voluntary and intentional, damage that is the natural result of that act is not an occurrence, regardless of how unexpected, unforeseen, and unintended that damage was. *Id.* These cases apply to most of the allegations contained in the underlying suit. These allegations are that the Levines intentionally mislead Pollock about the status of the repairs to the house. Again, there is no property damage from this house, and any emotional damage (with or without physical manifestations) would be the natural result of this act and therefore not an accident or occurrence.

The second line of cases defines occurrence or accident as including unexpected, unforeseen or undesigned damage caused by an insured's negligent behavior. *Id.* Although there is one claim

---

[3] The Levines argue that Pollock has alleged property damage because she has alleged that the Levines directed that the repairs not be properly completed. However, this does not form the basis of any claim. Pollock's belief about who directed the repair is not relevant.

6

of negligent misrepresentation along with some allegation of facts that would support such a claim,[4] again, none of the damage pleaded is property damage or bodily injury.

### Duty to Indemnify

Allstate also seeks a declaration that it has no duty to indemnify the Levines for any judgment entered against them in state court. In Texas, the duty to indemnify is a separate duty from the duty to defend. *Cowan*, 945 S.W.2d at 821. Although the duty to defend is determined by the complaint allegation rule, that is, by comparing the allegations in the pleadings with the policy language, the duty to indemnify is established by the actual facts in the underlying suit. *Id.*

Although there are situations in which a court can decide the duty to indemnify prior to the trial of the underlying lawsuit, in this case, the Court cannot determine whether Allstate will have this duty. Because there is still the slight possibility that Pollock will establish that the Levines' negligence caused bodily injury under the terms of the policy at trial even she did not plead such injury, the Court cannot say that Allstate will have no duty to indemnify. As the trial of the state lawsuit has not yet occurred, the claim for a declaration of the duty to indemnify are not yet ripe. Therefore, the Court will dismiss these claims without prejudice.

### Conclusion

Accordingly, it is ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 16) is GRANTED IN PART such that Plaintiff does not have a duty to defend the Defendants in the underlying state lawsuit, Defendants' Counter-Motion for Summary Judgment (Docket No. 39) is DENIED, that Allstate's request for a declaration that it has no duty to indemnify is DISMISSED

---

[4]If any one claim is covered by the duty to defend, the insurer is obligated to defend the entire lawsuit. *Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 119 (5th Cir. 1983).

WITHOUT PREJUDICE, that Plaintiff Allstate Insurance Company's Motion for Leave from Local

Rule CV-7(c) (Docket No. 41) is DENIED and all other pending motions are DENIED AS MOOT.

SIGNED and ENTERED this 16th day of _____ , 2000.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE

8

# EXHIBIT "E"

CtrlPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA99CV0912EP |
| | § | |
| RONALD MITCHELL LEVINE AND | § | |
| SERENA R. LEVINE | § | |
| | § | |
| DEFENDANT. | § | NON-JURY |

### DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Ron Mitchell Levine and Serena R. Levine ("Levines"), Defendants in the above-entitled and numbered cause, and files this, their Motion for Relief from Judgment and Brief in Support Thereof. As authorized by Federal Rule of Civil Procedure 60(b), Defendants specifically ask this Court to grant relief from the Judgment granted in favor of the Plaintiff, Allstate regarding the duty to defend. In support of this motion, Defendants respectfully show the court the following:

### INTRODUCTION

1. This is a controversy in which Plaintiff, Allstate Insurance Company, filed a declaratory judgment action seeking this court's construction of a homeowner's policy issued by Allstate to the Levines. Plaintiff specifically sought a declaration that had no duty to defend and no duty to indemnify the Levines under their homeowner's policy for claims asserted against them in an underlying lawsuit styled *Karla Clayton Pollock vs. Ronald Mitchell Levine and wife, Serena R. Levine,* Cause No. 98-CI-14393 pending in the 37th Judicial District Court in Bexar County, Texas (hereinafter "the underlying lawsuit").

231.327

2.      Both Allstate and the Levines filed competing motions for summary judgment based on the Pollock's First Amended Petition in the underlying action. On June 16, 2000, this court signed an Order and rendered Judgment in favor of Allstate. The Judgment states that, consistent with the Order, Judgment is "granted in favor of the Plaintiff on the claims regarding the duty to defend and that all other claims in this cause are DISMISSED WITHOUT PREJUDICE." The Judgment was filed by the Clerk on June 19, 2000.

3.      On July 12, 2000, Ms. Pollock filed Plaintiff's Third Amended Original Petition in the underlying action. This petition clearly alleges a bodily injury and/or property damage caused by an occurrence and triggers a duty to defend on the part of Allstate. Defendants believe that the allegations in this new petition qualifies as newly discovered evidence that entitles the Levines to relief from this court's previous judgment. In the alternative, the Levines are entitled to relief based on principles of equity.

## ARGUMENT & AUTHORITIES

4.      The decision to grant or deny a motion for relief is committed to the district court's discretion. *U.S. v. Davis*, 939 F.Supp 810 (D. Kan. 1996), *affirmed*, 149 F.3d 1192, *cert. denied, 119 S.Ct. 628, 142 L.Ed.2d 566*. A court should grant a motion for relief from judgment if there is newly discovered evidence. FED. R. CIV. P. 60(b)(2); *see Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995).

5.      This court's Order and Judgment holding that Allstate had no duty to defend the Levines was entered on June 19, 2000. Allstate agreed to defend the Levines though a previously scheduled mediation that was held on July 12, 2000 and would then withdraw from the defense. The Levines first received a copy of Plaintiff's Third Amended Original Petition following on July 12, 2000. This date is subsequent to this court's judgment, but prior to Allstate actually withdrawing from the defense. A copy of the Third Amended Petition is attached as Exhibit "A."

6.      Pollock's Third Amended Petition alleges that the Levines were "negligent in failing to correctly and/or completely repair and level the foundation. This failure allowed the foundation and superstructure to move and caused the property to suffer additional foundation, structural and cosmetic damage. In addition, as a result of Defendants negligence, Plaintiff has suffered severe mental distress and anguish and developed Temporo Mandibular Joint Syndrome due to the anxiety associated the foundation problems and Defendant's negligent conduct in not having the foundation completely and/or correctly repaired and leveled." Exhibit "A" at paragraph VIII.

7.      An insurer's duty to defend is based solely on the allegations in the most recent petition and the coverage provided by the policy in question. Defendants believe that this court should consider the allegations in the latest petition as new evidence. It is clear that the Third Amended Petition qualifies as new evidence because it is admissible, relevant, credible, and material to this case and to Allstate's duty to defend. Further, it is likely to change the outcome of this court's judgment because it contains allegations that are covered by the Levines policy. Specifically, the petition alleges a covered occurrence and covered property and bodily injury damages. Based on these factors, the Levines request that this court grant their request for relief in order to present this new petition into evidence and prove that Allstate, in fact, has a duty to defend the Levines in the underlying action.

8.      This court should further grant the Levines Motion for Relief based on principles of equity. It is inequitable for the court's judgment that Allstate has no duty to defend to have prospective application due to the change in circumstances. If this court denies relief from judgment, the Levines will be required to file additional litigation and incur additional filing fees simply to establish that Allstate has a duty to defend based on the new allegations..

## CONCLUSION

9.      Defendant asks this court to grant its Motion for Relief from Judgment because of newly discovered evidence and principles of equity. For these reasons, in the interest of justice

and fairness, the Levines ask the court to grant this motion; set aside the prior judgment; and consider the allegations in the new petition to determine whether Allstate continues to have a duty to defend.

Respectfully submitted,

MARIE K. MILLER
State Bar No. 14099140

BRIAN L. BLAKELEY & ASSOCIATES, P.C.
1250 N.E. Loop 410, Suite 420
San Antonio, Texas 78209
210/805-9799
210/805-9654 (Telecopier)
ATTORNEYS FOR RONALD MITCHELL LEVINE
AND SERENA R. LEVINE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion For Relief From Judgment And Brief In Support Thereof has been sent via regular mail, this 18th day of July, 2000, to:

Larry J. Goldman
Martin Phipps
ADAMI, GOLDMAN & SHUFFIELD
The Nowlin Building
9311 San Pedro Avenue, Suite 900
San Antonio, TX 78216

MARIE K. MILLER

NO. 98-CI-14393

| | | |
|---|---|---|
| **KARLA CLAYTON POLLOCK** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **37TH JUDICIAL DISTRICT** |
| | § | |
| **RONALD MITCHELL LEVINE and** | § | |
| **wife, SERENE R. LEVINE** | § | |
| | § | |
| **Defendants** | § | **BEXAR COUNTY TEXAS** |

## PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

KARLA CLAYTON POLLOCK, Plaintiff, complains of RONALD MITCHELL LEVINE and wife, SERENA R. LEVINE and ALAMO HY-TECH, INC., Defendants, and would respectfully show the Court as follows:

### I. PARTIES

1.    PLAINTIFF, KARLA CLAYTON POLLOCK, is a resident of Bexar County, Texas.

2.    DEFENDANTS, RONALD MITCHELL LEVINE and wife, SERENE R. LEVINE, are individuals and residents of Cameron County, Texas, and reside at 221 West Bahama, South Padre Island, Cameron County, Texas. Defendants have been served, appeared and answered and no further service of citation is required at this time.

3.    THIRD-PARTY DEFENDANT, ALAMO HY-TECH, INC. is a Texas corporation, doing business at 3005 IH-35, New Braunfels, Texas 78130. Third-Party Defendant has appeared and answered herein and no further service is necessary. Alamo

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                                    **PAGE 1**



**EXHIBIT**

" *A* "

Case 1:01-cv-00025   Document 9   Filed in TXSD on 04/27/2001   Page 52 of 66

Hy-Tech, Inc. has been named as Third-Party Defendant by Defendants, Levine, now complained of as Defendant by Plaintiff, Karla Clayton Pollock.

## II. CONDITIONS PRECEDENT & VENUE

All conditions precedent to Plaintiff's recovery have occurred or have been performed.  Venue is proper in Bexar County, Texas where the conduct complained of occurred.

## III. FACTS

On information Plaintiff adopts in part, without admitting, the facts alleged by the Third-Party Plaintiffs, Ronald Mitchell Levine and Serene R. Levine, in their Third Party Petition against Alamo Hy-Tech, Inc. as outlined in below in subparagraphs 4-6 and would respectfully show unto the Court that Alamo Hy-Tech, Inc., is liable to the Plaintiffs in this action for all or part of the claims made by the Plaintiff in her Original Petition filed in this cause as alleged by Levines.  The following is a general fact statement designed to put DEFENDANTS on notice and is not intended to be detailed or complete.

1.      In October 1996, Plaintiff purchased from Mr. and Mrs. Levine the residence at 606 E. Mandalay, in the San Antonio Metropolitan Area of Bexar County, Texas. In the negotiations leading up to the purchase, Mr. and Mrs. Levine represented that the home's foundation had been completely repaired and  had a life time transferrable warranty on the foundation work.

2.      Unknown to Plaintiff, but well known to Mr. and Mrs. Levine, the foundation of the house had not been fully repaired but, at the direction of Defendants, had only a partial repair.  Further, the foundation of the home had deflected to the extent that it had

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                          **PAGE 2**

Case 1:01-cv-00025   Document 9   Filed in TXSD on 04/27/2001   Page 53 of 66

damaged the superstructure and had been determined to be defective by an independent engineer. As defendants were aware at the time of the sale, the home had been so badly damaged by the foundation problems that its value was significantly reduced as a result of functional, structural and stigma damages, however these facts were not disclosed to Plaintiff.

3.     Mr. and Mrs. Levine were at all times aware of the defective foundation of the house, and were well aware that Plaintiff did not know and could not, in the exercise of reasonable diligence, discover the defect. Nevertheless, Defendants expressly represented to Plaintiff that the house was more than a fair deal, that it was an excellent value and that the price at which the property was offered was fair market value considering the fully repaired condition of the home at the time of the purchase. Defendants fraudulently concealed the existence of the defective foundation and the engineer's report. Plaintiff relied on Defendants' promises and representations in purchasing the house, and but for such representations and failures to disclose by Defendants would not have purchased the house. Further, had Plaintiff known of the latent defect which was well known to Defendants, she would not have purchased the house.

4.     Prior to the purchase of the house in question by Plaintiff, Alamo Hy-Tech, Inc. was engaged by Levines to repair the foundation on the house at 606 E. Mandalay, San Antonio, Texas. Defendants Levine, entered into a contractual relationship with Third-Party Defendant, Alamo Hy-Tech, Inc., for the repair of the foundation of said home.

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                    **PAGE 3**

Case 1:01-cv-00025   Document 9   Filed in TXSD on 04/27/2001   Page 54 of 66

5.    Plaintiff further alleges on information as follows: On July 23, 1994 Defendants Levine  signed a contract with Third-Party Defendant which called for the installation of 26 pilings outlined on a drawing for a total of $8,950.00.  On one occasion, when the work was being prepared, Defendant, Ron Levine, had a conversation with a representative of  Defendant, Alamo Hy-Tech, Inc., who informed Ron Levine that four of the 26 piers that were going to be installed under the house did not need to be installed because their placement would be at the highest point of the house as determined by previous elevations taken in January of 1994.  The representative of  Defendant, Alamo Hy-Tech, Inc.,  further stated that the installation of these four piers would only create a lot of damages and were not necessary. Defendant , Ron Levine, asked the Alamo Hy-Tech, Inc. representative about the lifetime warranty and whether the foundation problem could and would be fixed without the installation of the four piers.  The representative of Defendant, Alamo Hy-Tech, Inc.'s responded, "Yes, your foundation problem is fixed and you'll have your warranty."

6.    Plaintiff further alleges on information as follows:  In August of 1996, Third-Party Plaintiffs, Ronald Mitchell Levine and Serene R. Levine, vacated the home in question and placed it up for sale.  Subsequently thereafter, Levines entered into a earnest money contract with Plaintiff, Karla Clayton Pollock, for the sale of the property and closing occurred during October, 1996.

7.    Prior to executing the purchase contract, Karla Clayton Pollock contacted Alamo Hy-Tech by telephone and, after informing them that she was interested in buying the house, inquired as to the transferability of the warranty and whether Alamo Hy-Tech,

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                                       **PAGE 4**

CNsPDF - www.faxia.com

Case 1:01-cv-00025   Document 9   Filed in TXSD on 04/27/2001   Page 55 of 66

Inc. would indeed honor the warranty on the work they had done on the house at 606 E. Mandalay, San Antonio, Texas. Plaintiff was informed by representatives of Alamo Hy-Tech that the warranty was fully transferable and that Alamo Hy-Tech would honor the warranty on their foundation work on the house. However, Alamo Hy-Tech, Inc. failed to disclose that the foundation of the house had not been fully repaired or leveled and that the warranty was limited only to the work actually done on the house, despite the scope and terms of the written warranty. In reliance on the promises and representations of Alamo Hy-Tech as to the full effectiveness and transferability of the warranty, as well as the terms and scope of the warranty as issued by Alamo Hy-Tech, Inc., Plaintiff entered in to a contract with Defendants Levine for the purchase of the house at 606 E. Mandalay.

8.     Subsequent to closing, Plaintiff, Karla Clayton Pollock, contacted Third-Party Defendant, Alamo Hy-Tech, Inc., to come to the home and do some repairs on the foundation. It was at this time that Defendant, Alamo Hy-Tech, Inc., informed Plaintiff that four pilings were not installed per instructions from Plaintiff, Ron Levine and that the warranty did not cover the leveling or the full extent of the work described in the written warranty. It was also at this time that Plaintiff, Karla Clayton Pollock, learned that the foundation of the home had not been fully repaired and that the warranty was ineffective as to the leveling of the home and to that portion of the foundation which had not been repaired in accordance with the written proposal and warranty from Alamo Hy-Tech to Levine. Furthermore, the written warranty provided by Alamo Hy-Tech to Levine, which Alamo Hy-Tech had represented would be fully transferable, does not accurately reflect the work done by Alamo Hy-Tech, Inc. According to the written warranty, the entire

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION                    PAGE 5**

Case 1:01-cv-00025   Document 9   Filed in TXSD on 04/27/2001   Page 56 of 66

foundation of the house at 606 E. Mandalay was fully repaired and subject to the transferable warranty. Alamo Hy-Tech, Inc.'s misrepresentations and failures to disclose regarding repairs to the foundation of said home, full effect and transferability of the written warranty and the issuing of a fraudulent warranty contract, were a proximate and/or producing cause of damages to Plaintiff, Karla Clayton Pollock and resulted in Plaintiff entering into a transaction in which she would not otherwise have engaged.

### IV. VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

The general fact statement set out above is adopted with regard to this cause of action.

Defendants' actions and conduct constitute violations of deceptive trade practices and unconscionable conduct under the Texas Deceptive Trade Practices - Consumer Protection Act (DTPA) paragraphs 17.46(b) 5, 7, 9, 12 and 23 (Texas Business and Commerce Code).

In addition, Defendants' conduct is a breach of the warranties implied at the time of sale (Texas Business and Commerce Code paragraph 17.50(a)(2)) and is unconscionable, as defined in Texas Business & Commerce Code Paragraph 17.45, as well as Paragraph 17.46(b), more particularly described as follows:

(3)     Defendants caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(5)     Defendants represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                        **PAGE 6**

have or that a person has a sponsorship, approval, status affiliation, or connection which they do not;

(7)  Defendants represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are of another;

(9)  Defendants advertised goods or services with intent not to sell them as advertised;

(12)  Defendants represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(23)  Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction in to which the consumer would not have entered had the information been disclosed; and

Defendants engaged in an unconscionable action or course of action, which, to the consumers detriment, took advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree. Furthermore, Defendants breached express and implied warranties made to the consumer in the course of the sale.

The acts and practices of Defendants were a producing cause of Plaintiff's damage and detriment. Plaintiff prays for recovery of damages as authorized by statute, as well as attorneys fees and costs of court within the jurisdictional limits of this Court.

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                    **PAGE 7**

## V.  FRAUD IN REAL ESTATE

The general fact statement set out above is adopted with regard to this cause of action.

Plaintiff further pleads a cause of action based upon acts of fraud in a transaction involving real estate committed by Defendants in violation of Chapter 27, Texas Business & Commerce Code.   Defendants made false representations and failed to disclose information which were done for the purpose of inducing Plaintiff to enter into a contract. The false representations and failures to disclose information were relied upon by Plaintiff in entering into the contract for the purchase of real estate.  Plaintiff would not have entered into the transaction but for the false representations by Defendants.

Additionally and in the alternative, the Defendants failed to disclose matters on which they possessed far greater knowledge than the Plaintiff, and made representations which were false at the time they were made or were failures to disclose material facts which the Defendants either knew were false or were made without regard to their truth or falsity.

Defendants conduct resulted in damages to Plaintiff in an amount within the jurisdictional limits of the Court.  Plaintiff prays for recovery of actual damages, expert witness fees, deposition costs and costs of court as authorized by statute, all in an amount within the jurisdictional limits of the court.

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                    **PAGE 8**

## VI. COMMON LAW FRAUD

The general fact statement set out above is adopted with regard to this cause of action.

Additionally and in the alternative, the Defendants failed to disclose matters on which they possessed far greater knowledge than the Plaintiff, and made representations which were false at the time they were made or were failures to disclose material facts which the Defendants either knew were false or were made without regard to their truth or falsity.

The promises, representations and failures to disclose of the Defendants were material, false, and made with the intent to deceive the Plaintiff and proximately caused damages to the Plaintiff. Plaintiff prays for recovery of her damages in an amount within the jurisdictional limits of the court.

## VII. NEGLIGENT MISREPRESENTATION

The general fact statement set out above is adopted with regard to this cause of action.

The Plaintiff further pleads a cause of action based upon the common law of negligent misrepresentation. The Defendants, acting in a transaction in which they had a pecuniary interest supplied false information to the Plaintiff. The Defendants failed to exercise reasonable care or competence in obtaining and communicating information. Additionally and in the alternative, the Defendants failed to disclose matters on which they possessed far greater knowledge than the Plaintiff, and made representations which were false at the time they were made or were failures to disclose material facts which the

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                    **PAGE 9**

Defendants either knew were false or were made by them recklessly without regard to the truth of the matter stated. The disclosures and representations of the Defendants were relied upon by the Plaintiff, to Plaintiff's damage and detriment. The acts of the Defendants were a proximate cause of damages to the Plaintiff in an amount within the jurisdictional limits of this Court. The Plaintiff further alleges that such false misrepresentation and failures to disclose by the Defendants were made negligently. Plaintiff prays for recovery of her damages in an amount within the jurisdictional limits of this Court.

## VIII. NEGLIGENCE

Pleading additionally or in the alternative, as appropriate, Plaintiff alleges a cause of action in negligence against Defendants. The general facts set out above are adapted here for all purposes.

Defendants were negligent in failing to correctly and/or completely repair and level the foundation. This failure allowed the foundation and superstructure to move and caused the property to suffer additional foundation, structural and cosmetic damage. In addition, as a result of Defendants negligence, Plaintiff has suffered severe mental distress and anguish and developed Temporo Mandibular Joint Syndrome due to the anxiety associated with the foundation problems and Defendant's negligent conduct in not having the foundation completely and/or correctly repaired and leveled.

Plaintiff asks the Court for recovery of actual damages resulting from Defendant's negligence in an amount within the jurisdictional limits of this Court.

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                    **PAGE 10**

## IX. DAMAGES

Damages include economic and or actual damages, as appropriate, reduction in value of the home due to functional, structural and stigma damages, out of pocket repair costs loss of use or diminished use, mental anguish and physical injury, loss of use of money and excessive payment of interest.

## X. ATTORNEY FEES

The conduct of these Defendants has necessitated the engagement of the undersigned counsel and the filing of this action to recover damages and protect the interest of Plaintiff. Therefore Plaintiff is entitled to and prays for the recovery of all attorneys fees and costs of court incurred in the pursuit of this cause of action and further attorneys fees for any appeals of this cause of action in accordance with the Texas Deceptive Trade Practices - Consumer Protection Act and the Fraud in Real Estate statute.

## XI. JURY TRIAL

Plaintiff has paid a jury fee in this cause and prays for trial by jury.

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein, for an early jury trial, and upon trial, that judgment be granted against Defendants, jointly and severally, or, in the alternative, in proportion to their liability, for economic and/or actual damages, attorneys' fees for trial and appeal, expert witness fees, costs of copies and depositions, costs of court, prejudgment interest, post-judgment interest, and all such further and additional relief, general or special, as to which Plaintiff shall show herself justly entitled at law or in equity.

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                    **PAGE 11**

Respectfully submitted,

Clyde R. McCormick II
State Bar No. 13457450
P. O. Box 790091
San Antonio, Texas 78279-0091
Telephone:  (210) 340-5630
Telecopier:  (210) 340-5687
**ATTORNEY FOR PLAINTIFF,
KARLA CLAYTON POLLOCK**

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing has been served on the party or the attorney of record in accordance with the applicable Rule 194 of the Texas Civil Procedure this _12TH_ day of ___July___, 2000.

**PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION**                    **PAGE 12**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA99CV0912EP |
| | § | |
| RONALD MITCHELL LEVINE AND | § | |
| SERENA R. LEVINE | § | |
| | § | |
| DEFENDANTS. | § | NON-JURY |

## ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT

On this date, the Court considered Defendants, Ronald and Serena Levines' Motion for

Relief from Judgment.

After considering the motion and response, the Court grants the motion and vacates the

Judgment granted in favor of the Plaintiff on the claim regarding the duty to defend.

SIGNED AND ORDERED THIS _____ day of _____, 2000.

_____
EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE

# EXHIBIT "F"

CVisPDF – www.fesivo.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

SEP - 5 2000

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) |
| | ) |
| RONALD MITCHELL LEVINE and | ) |
| SERENA R. LEVINE, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. SA-99-CA-912-EP

### ORDER

On this date the Court considered Defendants' Motion for Relief from Judgment, filed July 18, 2000, the Plaintiff's response to this motion and the Defendants' reply. After careful consideration, the Court will deny the motion.

The Defendants ask to be relieved of the final judgment entered in this case pursuant to Federal Rule of Civil Procedure 60(b). Specifically, they argue that an amended pleading filed in the underlying lawsuit is "newly discovered evidence which by due diligence could not have been discovered in time for a new trial." FED. R. CIV. P. 60(b)(2).

On June 19, 2000, the Court issued an order finding that Plaintiff Allstate Insurance Company ("Allstate") had no duty to defend the Defendants, Ronald and Serena Levine, in a suit brought against them in state court. This order was based on a determination that the pleadings in the the state court suit did not allege facts that would constitute an "occurrence" under the homeowner's policy.

1

Approximately one month after the entry of the order and judgment in this case, the state court plaintiff amended her pleadings to include a negligence claim and a claim that the Levines' actions caused TMJ in addition to mental anguish. The Levines now argue that, with this amended pleading, the state court plaintiff has alleged an occurrence under the insurance policy.

The Court does not believe that the amended pleading is the kind of newly discovered evidence discussed in Rule 60(b)(2). To fall under Rule 60(b)(2), the evidence must have been in existence at the time of trial. *Longden v. Sunderman*, 979 F.2d 1095, 1102-03 (5th Cir. 1992 ). In this case, the amended state court petition did not exist until almost a month after this court's judgment. Therefore, the Court will decline to grant the Levines' Rule 60(b) motion.

Accordingly, it is ORDERED that Defendants' Motion for Relief from Judgment (Docket No. 46) is DENIED.

SIGNED and ENTERED this __5th__ day of __Sept__, 2000.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE

2