14

United States District Court
Southern District of Texas
ENTERED

SEP 1 2 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RON M. LEVINE, ET AL | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-025 |
| | § | (636(c)) |
| ALLSTATE INSURANCE COMPANY | § | |
| Defendants. | § | |

## ORDER

Before this Court is the defendant's motion to dismiss as well as the defendant's motion to transfer. After cautious consideration, this Court will GRANT defendant's motion to transfer this cause of action to the United States District Court for the Western District of Texas, San Antonio Division. Consequently, the defendant's motion to dismiss the case is hereby DENIED. Defendant's request for attorney's fees is also hereby DENIED.

### Background and Procedural History

The Plaintiffs, Ronald and Serena Levine, hold a homeowner's insurance policy with Defendant Allstate Insurance Company ("Allstate"). The Levines were sued in state court by Karla Clayton Pollock, the purchaser of their home on East Mandalay in San Antonio. The Levines have settled the underlying lawsuit with Ms. Pollock this year.

On August 24, 1999, Allstate petitioned the Western District of Texas, San Antonio Division, for a declaratory judgment in which it sought for the court to construe the insurance policy between the Levines and Allstate and a declaration that the insurance company had no duty to defend or indemnify the Levines in the underlying lawsuit with Ms. Pollock. Judge Edward C. Prado ordered that Allstate had no duty to defend the Levines in the underlying lawsuit, but dismissed without prejudice the question of whether Allstate had a duty to indemnify.

The Levines have now properly sought to bring a new action in this Court attempting to obtain indemnification from Allstate. Specifically, the Levines now allege that Ms. Pollock's Fifth Amended Petition in the state court lawsuit alleges new "covered occurrences and damages" sufficient to invoke Allstate's duty to defend and indemnify the plaintiffs.

## Analysis

The insurance policy in question originates out of Cameron County, Texas; therefore the Federal Court in Southern District of Texas is a proper venue for the current diversity of parties cause of action. See 28 U.S.C. § 1391(a). Due to the fact that a portion of the plaintiff's claim was dismissed without prejudice in the Western District, the current action should not be dismissed. However, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. See 28 U.S.C. § 1404(a).

The Honorable Judge Prado is intimately familiar with the history of this case because he has adjudicated portions of the current cause of action in a previous, related matter. This Court has wide discretion in transfer of venue matters, and in this case a transfer is appropriate because of the extensive history in the Western District as well as the danger of conflicting judicial rulings that may take place if the case stays in the Southern District. Venue has previously been established as appropriate in the Western District, and fairness dictates that this case be transferred to the court which is familiar with the history between the two parties and this cause of action.

It is hereby ORDERED that the case of Levine v. Allstate Insurance Company be transferred to the Western District of Texas, San Antonio Division.

DONE at Brownsville, Texas this 11th day of September, 2001.

_____
Felix Recio
United States Magistrate Judge